**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE L. TORRES-LANDRAU, | |
| **Plaintiff,** | |
| v. | **Civil No. 21-1151 (PAD) (Lead Case)** |
| PEDRO ROSELLÓ-GONZÁLEZ, RICARDO ROSELLÓ-NEVÁREZ, WANDA VÁZQUEZ-GARCED, BANCO POPULAR DE P.R., DEPARTAMENTO DE HACIENDA, ANA MATOS-DÍAZ, POLICÍA DE P.R., FRANCHINI VAJA, SISTEMA DE RETIRO (ELA), MAGDA VELÁZQUEZ-VELLO, REGISTRO DEMOGRÁFICO, DIRECTORA DE REGISTRO DEMOGRÁFICO, | |
| **Defendants.** | |
| JOSE L. TORRES-LANDRAU, | |
| **Plaintiff,** | |
| v. | **Civil No. 22-1018 (PAD) (Member Case)** |
| POLICÍA DE P.R., REGISTRO DEMOGRÁFICO, SISTEMA DE RETIRO (ELA), ASOCIACIÓN MIEMBROS DE LA POLICÍA Y EGIDA, PROGRAMA DE VIVIENDA, DEPARTAMENTO DE LA FAMILIA, RAMA EJECUTIVA, CÁMARA DE REPRESENTANTES, DEPARTAMENTO DE INSTRUCCIÓN PÚBLICA, CASA NUESTRA GENTE, | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff *pro se* filed these two cases alleging, among other things, that different departments of the government of Puerto Rico discriminated against him by not paying overtime, retaining pension contributions, and withholding the pandemic stimulus check (Civil No. 21-1151, Docket No. 33; Civil No. 22-2018, Docket No. 2).  As explained below, the cases must be dismissed for failure to state a claim upon which relief can be granted.

## I.      PROCEDURAL HISTORY

On April 6, 2021, plaintiff filed a complaint, a motion to proceed *in forma pauperis*, and a motion to appoint counsel (Civil No. 21-1151, Docket Nos. 1, 2 and 3).  The court granted both motions (Civil No. 21-1151, Docket Nos. 5 and 7).  On April 20, 2021, service of process was returned as executed upon all defendants, except for co-defendant Franchini Vaja.  The same day, the court appointed attorney Israel Fernández-Rodríguez as plaintiff's counsel (Civil No. 21-1151, Docket Nos. 9, 18 and 19).

On April 27, 2021, Banco Popular de Puerto Rico ("BPPR") filed a "Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) & 12(b)(6)" (Civil No. 21-1151, Docket No. 10).  On April 27, 2021, the court ordered plaintiff to respond by May 11, 2021 (Civil No. 21-1151, Docket No. 11).  Before the deadline had elapsed, the attorney moved to withdraw (Civil No. 21-1151, Docket No. 12).  On April 30, 2021, the court granted the motion, ordered appointment of a second attorney, stayed the case for thirty (30) days upon appointment of counsel, and held in abeyance the term to respond to the motion to dismiss (Civil No. 21-1151, Docket No. 13).

On May 3, 2021, the court appointed attorney Marisol Ortiz-Sotomayor as plaintiff's counsel (Civil No. 21-1151, Docket No. 14).  Before the stay had concluded, the attorney moved

to withdraw (Civil No. 21-1151, Docket No. 21).   The court granted the motion, ordered

appointment of a third attorney, stayed the case for an additional thirty (30) days upon appointment

of counsel, and warned that no further appointments of counsel would be considered (Civil No.

21-1151, Docket No. 22).

On June 8, 2021, the court appointed attorney Monica L. Vega-Quintana as plaintiff's

counsel (Civil No. 21-1151, Docket No. 25).  On July 1, 2021, before the stay had concluded, the

attorney moved to withdraw (Civil No. 21-1151, Docket No. 29).  On July 7, 2021, the court

granted the motion, lifted the stay, and ordered plaintiff to continue litigating the case *pro se* as

well as defendants to answer or otherwise plead by July 28, 2021 (Civil No. 21-1151, Docket No.

32).

On July 20, 2021, plaintiff filed an amended complaint (Civil No. 21-1151, Docket No.

33).  In light of this filing, the court extended the period to answer or otherwise plead until August

10, 2021 (Civil No. 21-1151, Docket No. 34).  On August 1, 2021, all parties moved to dismiss

(Civil No. 21-1151, Docket Nos. 37, 38 and 39).  On August 11, 2021, the court ordered plaintiff

to respond to the motions to dismiss not later than August 25, 2021 (Civil No. 21-1151, Docket

No. 40).

On September 16, 2021, after the deadline to respond had elapsed, plaintiff filed a motion

requesting a hearing for the defendants to present evidence as to why the complaint should be

dismissed (Civil No. 21-1151, Docket No. 41).  On January 11, 2022, plaintiff *pro se* opened a

second case, filing a new complaint and a motion to proceed *in forma pauperis* (Civil No. 22-1018,

Docket No. 1 and 2).  On February 16, 2022, the court consolidated both cases (Civil No. 21-1151,

Docket No. 44; Civil No. 22-1018, Docket No. 3).

Torres-Landrau v. Roselló-González, et. al.
Civil No. 21-1151 (PAD)
Memorandum and Order
Page 4

## II.     ALLEGATIONS

### A.  First Case

Plaintiff alleges that he was employed with the Puerto Rico Police Department from 1987 until 1997 (Civil No. 21-1151, Docket No. 33, ¶ 1),[1] and that the Department owes him money for overtime work from 1989 after Hurricane Hugo, when according to him, he worked 12-hour shifts for a whole year, and in 1992, during the "Iron Fist Against Crime" police operation.  Id. at ¶ 7. He asserts that the Puerto Rico Government Employees & Judiciary Retirement Systems Administration retained $8,343.39 in pension contributions from the time he worked for the Police Department and has not disbursed it to him because he allegedly has an outstanding debt with the Association of Employees of the Commonwealth of Puerto Rico (AEELA for its Spanish-language acronym).  Id. at ¶¶ 8-9.  He avers that the Puerto Rico Department of Treasury, the Administration for Child Support Enforcement (ASUME, for its Spanish language acronym), and/or BPPR sent his pandemic stimulus checks to an ASUME account that he does not recognize.  Id. at ¶ 10.[2]  He complains of discrimination due to his race, and for political and religious reasons (Docket No. 33-1, ¶ 13; Docket No. 41, ¶ 3).[3]

Furthermore, plaintiff maintains he tried to obtain the money that he alleges is owed to him seeking the assistance of Alba Maldonado (Payroll Director of the Police Department), Magda Velázquez-Vello (Director of the Retirement Systems Administration), and Ana Matos-Díaz

---

[1] The allegation contradicts a Certification from the Puerto Rico Police Department that plaintiff filed with the amended complaint at Docket No. 33-1, to the effect that he was employed with the Department as agent from December 16, 1991, until June 30, 1997. Id. at p. 6.

[2] ASUME is "the agency responsible for enforcing child support obligations in Puerto Rico." In re Rivera 486 B.R. 574, 575 (B.A.P. 1st Cir. 2013).

[3]  On July 20, 2021, in the amended complaint, plaintiff complained of racism (Docket No. 33, ¶ 13).  On September 16, 2021, in the request for a hearing, he added that he was discriminated against due to his race, and for religious and political reasons (Docket No. 41, ¶ 3).

Torres-Landrau v. Roselló-González, et. al.
Civil No. 21-1151 (PAD)
Memorandum and Order
Page 5

(Director of the Department of Treasury), to no avail (Docket No. 33, ¶ 14).  He complains that

BPPR prohibited him from opening an account because he did not have a driver's license or

passport, a decision that he characterizes as discriminatory.  Id. at ¶ 11.

With this background, plaintiff asks for payment of $500,000 in compensatory damages, of the

overtime corresponding to 1989 and 1992, of the $8,343.39 in pension contributions, and the

pandemic stimulus check.  In addition, he requests that the ASUME account be closed. (Docket

No. 33, ¶¶ 15-16).

B. **Second Case**

The complaint consists of two pages with allegations in the Spanish language (Civil No.

22-1018, Docket No. 2, pp. 2-3).  Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in

the United States District Court for the District of Puerto Rico shall be conducted in the English

language."  The First Circuit requires strict enforcement of this requirement when the untranslated

document "is key to the outcome of the proceedings in the district court."  Puerto Ricans for Puerto

Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008).  As the First Circuit has explained, allowing

the outcome to turn on a non-English document would be at odds with the premise of a unified

and integrated federal court system.  Id.   Therefore, the court "should not" consider such

documents. González–De–Blasini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004).  Nevertheless,

for plaintiff's benefit, the court interprets the complaint as alleging that:

   (1) The Police Department took away six years of plaintiff's service and did not pay him

      two years of service that he worked without any days off, including overtime worked

      during Hurricane Hugo (Civ. No. 22-1018, Docket No. 2, ¶¶ 2, 6);

   (2) The Retirement Systems Administration did not give plaintiff his pension in 1997 (Civ.

      No. 22-1018, ¶ 4);

Torres-Landrau v. Roselló-González, et. al.
Civil No. 21-1151 (PAD)
Memorandum and Order
Page 6

     (3) The Department of Family denied plaintiff food stamps and welfare benefits (Civ. Case

        22-1018, Docket No. 2, ¶ 8);

     (4) The Demographic Registry registered a minor under plaintiff's name in 1993 (Civ. No.

        22-1018, ¶ 3);

     (5) The Department of Education did not lower the academic index (Civ. No. 22-1018,

        Docket No. 2, ¶ 13);

     (6) The House of Representatives was racist, discriminated against plaintiff and

        inadequately protected his rights (Civ. No. 22-1018, Docket No. 2, ¶¶ 9-12); and

     (7) The Association for Members of the Puerto Rico Police was racist and discriminated

        against plaintiff (Civ. No. 22-01018, Docket No. 2, ¶ 5).

### III.    STANDARD OF REVIEW

Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6)( (Civil No. 21-1151, Docket

Nos. 10, 37, 38, and 39).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and

"held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus,

551 U.S. 89, 94 (2007).  Still, to survive dismissal, the complaint "must state a claim that is

plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint has

facial plausibility when the plaintiff pleads sufficient factual content "to allow the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  This pleading standard "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation."  Id.

Factual allegations "must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555.  A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action" will not do.  Id.  Nor does it suffice if it tenders

Torres-Landrau v. Roselló-González, et. al.
Civil No. 21-1151 (PAD)
Memorandum and Order
Page 7

naked assertions devoid of further factual enhancement.  Id. at 557.  Although the court must take

all factual allegations in the complaint as true, "it is not bound to accept as true a legal conclusion

couched as a factual allegation."  Iqbal, 556 U.S. at 678.  Dismissal is appropriate when the facts

alleged do not "possess enough heft to sho[w] that [plaintiff is] entitled to relief.  Ruiz Rivera v.

Pfizer Pharm. LLC, 521 F.3d 76, 84 (1st Cir. 2008)(alterations in original).

## IV.     DISCUSSION

The government defendants invoke Eleven Amendment immunity and argue that the

pleadings do not state a claim upon which relief can be granted (Civ. No. 21-1121 (PAD), Docket

No. 37, pp. 10, 14; Docket No. 39, pp. 4, 11).  In Parella v. Retirement Board of the Rhode Island

Employees' Retirement System,173 F. 3d 46 (1st Cir. 1999), the First Circuit held that there is no

need to address the Eleventh Amendment question if there are other dispositive issues.  Id. at 53-

57.  Such is the case here for, in the main, plaintiff alleges that the government defendants

discriminated against him because of his race, religion, and political affiliation.  But the allegation

is conclusory and devoid of factual content, no different from those included in cases that have

been dismissed for failure to state a plausible claim for relief.

To that end, see, Iqbal, 556 U.S. at 680-683 (finding allegations of intentional

discrimination conclusory where complaint did not contain any factual allegation sufficient to

plausibly suggest  petitioner's discriminatory state of mind); Morales-Cruz v. University of Puerto

Rico, 676 F.3d 220, 225 (1st Cir. 2012)(plaintiff's allegation that she was unfairly terminated

because she was a woman, unaccompanied by factual predicate, not enough to make her

discrimination claim  plausible); Irwin v. Job and Family Services, 2017 WL 1284878, *1 (N.D.

Ohio Apr. 3, 2017)(plaintiff's contention that he was subjected to reverse discrimination by the

defendants in his attempt to obtain food stamps, and that he had to deal with black racist staff

Torres-Landrau v. Roselló-González, et. al.
Civil No. 21-1151 (PAD)
Memorandum and Order
Page 8

members in his efforts to obtain those benefits insufficient to state plausible discrimination claim);

Rachel v. U-Haul, 2017 WL 4993434, *2 (W.D. Ohio Sept. 1, 2017)(Report and

Recommendation)("R & R") (plaintiff's claim that he was being targeted because of race contained

no factual allegations that would state a claim for relief), *R&R adopted*, 2017 WL 5009864, * 1

(S.D. Ohio Oct. 27, 2017); Hawthorne v. Gibson, 2014 WL 4102375, * 1-2 (N.D. W. Va. Aug. 18,

2014)(bare bones allegation that Department of Veterans Affairs' medical center engaged in

discrimination and harassment failed to state a claim on which relief may be granted).[4]

As for BPPR, it moved to dismiss the original complaint (Civil No. 21-1151, Docket No.

10), but before the term to oppose the motion had elapsed, plaintiff filed an amended complaint

(Civil No. 21-1151, Docket No. 33).  That being so, the court must deny as moot BPPR's motion

to dismiss the complaint.  See, García-Nieves v. Rodríguez-Rodríguez, 2017 WL 1277469 at *2

(D.P.R. Mar. 31, 2017)(motion to dismiss initial complaint mooted by amended complaint).  After

plaintiff filed the amended complaint, however, BPPR moved to dismiss under Fed.R.Civ.P.

12(b)(6) (Civil No. 21-1151, Docket No. 38, p. 5).

In that complaint, plaintiff alleges that BPPR discriminated against him in not allowing

him to open a bank account without a driver's license or passport (Docket No. 33 at pp. 3-4).  As

with the allegations of discrimination directed at the government defendants, however, there is no

---

[4] Plaintiff faces another problem: untimeliness.  Actions to seek redress for violations of federal civil rights by public officials acting under color of state law are subject to a one-year limitations period.  See, Ruiz-Sulsona v. University of Puerto Rico, 334 F.3d 157, 159 (1st Cir. 2003)(applying one-year period to claims brought under 42 U.S.C. § 1983).  By plaintiff's account, the overtime work he requests payment for corresponds to 1989 and 1992 (Civil No. 21-1151 (PAD), Docket No. 33, ¶ 7).  The pension liquidation that he requests was denied on February 27, 2017.  Id. at Docket No. 33-1, p. 3.  The Retirement Systems Administration applied what plaintiff had accumulated in the system to pay for a personal loan and a debt that plaintiff had with the AEELA.  Id. On March 21, 2017, Ms. Calma Acevedo of the Retirement Systems Administration informed plaintiff that he would not obtain a pension refund, for he had $0.00 left in his account.  Id.  At some point in 2017, plaintiff requested that the agency reconsider its decision.  Id.  Yet, as he has pointed out, he did not accomplish any results (Docket No. 33, ¶ 8).  As well, he states that ASUME illegally opened or assigned an account under his name in 1993 (Civil No. 22-1018 (PAD), Docket No. 2, ¶ 3; Civil No. 21-1151 (PAD), Docket No. 33, ¶ 16(d)).  Based on this narrative, given that plaintiff initiated the action on April 6, 2021 (Civil No. 21-1151 (PAD), Docket No. 2), these claims as well any claim for compensatory damages linked to these events are time-barred.

Torres-Landrau v. Roselló-González, et. al.
Civil No. 21-1151 (PAD)
Memorandum and Order
Page 9

factual content to support a cognizable claim for relief against BPPR predicated on prohibited

discrimination.

Also, plaintiff asserts that BPPR sent the pandemic stimulus checks to an account with

ASUME without his consent.  In a letter dated July 15, 2020, that plaintiff attached to the amended

complaint at Docket No. 33-1, the Puerto Rico Department of the Treasury informed him that the

$1,200 pandemic check had been withheld and would be forwarded to ASUME to pay for

plaintiff's child-support debt.  Id. at 5.[5]  Likewise, in a follow-up letter dated January 7, 2021, that

plaintiff filed at Docket No. 41-1, the Puerto Rico Department of the Treasury informed him that

the pandemic $1,200 refund had been applied in its totality to the child support debt with ASUME.

Id. at p. 3.

From this perspective, plaintiff's lack of consent is of no consequence.  The U.S.

Department of the Treasury has explained that the entire economic impact payment authorized by

the CARES Act can be offset up to the amount of the recipient's child support debt.  See, U.S.

Department of the Treasury, Bureau of Fiscal Service, "Frequently Asked Questions on the

Treasury Offset Program (TOP), IRS 2021 Child Tax Credit, Economic Impact Payments, and the

Recovery Rebate Credit," https:/fiscal.treasury.gov/top/faqs-for-the-public-covid-19.html, p. 3,

*last visited March 12, 2022*.  And according to a letter from ASUME to plaintiff dated October 5,

2020, a letter that plaintiff filed at Docket No. 41-1, he owed $22,229.00 in child support.  Id. at

p. 9.  If plaintiff believes that ASUME violated Puerto Rico law in opening or maintaining a child

support account under his name, he should have taken that issue to ASUME.[6]

---

[5] In evaluating the sufficiency of the pleadings under Fed.R.Civ.P. 12(b)(6), the court "may consider documents attached to the complaint as well as the complaint itself."  Jones v. Bank of New York, 542 F.Supp.3d 44, 52 (D. Mass.  2021).

[6] That said, to the extent plaintiff is suggesting that he has not fathered any child and for that reason had no obligation to pay child support, pursuant to Article 117 of the Puerto Rico Civil Code of 1930, the terms within which to challenge paternity were either

Torres-Landrau v. Roselló-González, et. al.
Civil No. 21-1151 (PAD)
Memorandum and Order
Page 10

## V.      CONCLUSION

For the reasons stated, the court GRANTS defendants' motions to dismiss at Docket Nos.

37, 38, and 39, DENIES AS MOOT the motion to dismiss at Docket No. 10, and DISMISSES

both cases.[7]  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of March, 2022.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge

---

three or six months after the inscription of the child's birth in the Demographic Registry or from the time the challenger had knowledge of the birth.  See, P.R. Laws Ann. tit. 31, § 465 (setting forth terms).  Law 115 of December 29, 2009, amended Article 117 to set a six-month term, to run from the date the challenger had knowledge of the inaccuracy of the filiation or from the date of the statute's enactment, whichever is later.  Id.  The Civil Code of 2020, which became effective on November 28, 2020, increased the term to one year.  See, P.R. Laws Ann. tit. 31, § 7129.  These time limits are fatal.  See, Sánchez Rivera v. Malavé Rivera, 192 D.P.R. 854, 858 (2015)(noting that action to challenge filiation is subject to a term of "caducidad")(court's translation); In re San Juan Dupont Plaza Hotel Fire Litigation, 687 F.2d 716, 729 (D.P.R. 1988)(once the period expires, the action "does not exist in the eyes of the law").  The period admits "no interruption," and once it has elapsed, the action is "barred forever."  Martínez v. Calzadilla, 756 F.Supp. 78, 81-82 (D.P.R. 1991).  From what plaintiff has alleged, it seems that the period that would have applied for him to question the event leading to the opening of the ASUME account under this name expired years ago.

[7] The court is dismissing Civil No. 22-1018 (PAD) *sua sponte* on the authority of 28 U.S.C. § 1915(e)(2), which authorizes the court to dismiss any action brought *in forma pauperis* if the complaint "is frivolous or malicious; fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  Id.  From the record, the defendants in this case have not entered an appearance (there is no indication that they have been served with process).  Still, not only was the complaint filed in the Spanish language, but for the reasons explained in the text, it fails to state a claim upon which relief can be granted.